# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

**BRAGEL INTERNATIONAL, INC.,**
*Plaintiff-Appellee*

v.

**STYLES FOR LESS, INC.,**
*Defendant-Appellant*

**PPI APPAREL GROUP, INC.**
*Defendant*

2017-1328

Appeal from the United States District Court for the Central District of California
in No. 8:15-cv-01756-R-FFM, Judge Manuel L. Real

**BRAGEL INTERNATIONAL, INC.,**
*Plaintiff-Appellee*

v.

**CHARLOTTE RUSSE, INC.,**
*Defendant-Appellant*

**PPI APPAREL GROUP, INC.**
*Defendant*

2017-1343

Appeal from the United States District Court for the Central District of California
in No. 2:15-cv-08364-R-FFM, Judge Manuel L. Real

# BRAGEL INTERNATIONAL, INC.'S COMBINED OPPOSITION TO STYLES FOR LESS, INC.'S AND CHARLOTTE RUSSE, INC.'S "EMERGENCY MOTION TO VACATE AND REMAND PRELIMINARY INJUNCTION"

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## BRAGEL INTERNATIONAL, INC. v. STYLES FOR LESS, INC.

### No. 17-1328

## CERTIFICATE OF INTEREST

Counsel for the Appellee Bragel International, Inc. certifies the following (use "None" if applicable; use extra sheets if necessary):

1.      The full name of every party or amicus represented by me is:

BRAGEL INTERNATIONAL, INC.

2.      The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

None

3.      All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

No parent corporation and no publicly held corporation owns 10% or more of the stock

4.      The names of all law firms and the partners or associates that appeared for the party
or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Lewis Roca Rothgerber Christie LLP (Kris J. Kostolansky, Adam L. Massaro, G. Warren Bleeker, Katherine L. Quigley)

|  |  |
|---|---|
| December 8, 2016 | s/ Thomas J. Daly |
| Date | Signature of counsel |
|  | Thomas J. Daly |
|  | Printed name of counsel |

Please Note: All questions must be answered
cc:  All Counsel of Record

124

Bragel International, Inc., by and through its attorneys, submits its Combined Opposition to Styles for Less, Inc.'s and Charlotte Russe, Inc.'s "Emergency Motion to Vacate and Remand Preliminary Injunction."

## I.   Introduction

### A. Rule 8 should not be used to effectively obtain a ruling on the merits of a preliminary injunction.

The Court should deny Defendants Styles for Less, Inc. and Charlotte Russe, Inc.'s ("Retailers") Motion as procedurally defective.  Retailers' underlying stay application in the District Court was summarily denied for noncompliance with the court's standards for seeking ex parte relief and for including only two sentences of substantive briefing and no citation to law.  (Ex. A SF-Dkt. 175.)  That summary denial may permit Retailers to bring a motion to stay the injunction under Fed. R. App. 8(a)(2)(A)(ii).  However, Retailers have overreached and seek to use Rule 8 as a vehicle to effectively obtain a ruling on the merits of the preliminary injunction.  Rule 8 should not be misused to obtain such relief.

### B. The merits of the preliminary injunction.

Retailers are admitted patent infringers.  As the District Court found, "the testimony of PPI's own CEO [the indemnitor of Retailers] confirms Plaintiff's infringement analysis and demonstrates that there are no genuine issues of material fact."  (Ex. B SF-Dkt. 105 at 5; CR-Dkt. 99 at 5.)  The preliminary injunction

- 2 -

entered by the District Court complies with Fed. R. Civ. P. 52 and 65 and should not be disturbed on appeal.

The preliminary injunction was entered on a fully-developed record. Discovery was closed. Retailers' technical expert reports were issued. Bragel moved for summary judgment on its infringement claims. Retailers moved for summary judgment on their affirmative defenses of invalidity, equitable estoppel, and inventorship. The parties' briefing was robust and supported by sworn testimony, documentary evidence, and expert testimony. The District Court issued its comprehensive summary judgment order, finding infringement and rejecting the affirmative defenses.

The subsequent injunction briefing was also supported by sworn testimony, documentary evidence, and expert testimony from both sides. The preliminary injunction order fully set forth the facts and reasoning supporting the injunction and properly incorporated the relevant parts of the summary judgment order.

The parties do not have an absolute right to oral argument. Moreover, Retailers did not request oral argument on the preliminary injunction motions, and did not object to the lack of oral argument until now, after learning of the adverse decisions.

On appeal, Retailers do not challenge any of the District Court's findings that they infringed U.S. Patent 7,144,296 (the "Patent-In-Suit"): "It has already

- 3 -

been determined that [Retailers] . . . sold products which infringed upon the

Patent-In-Suit.  It is therefore likely that Plaintiff will succeed at trial against

[Retailers] . . . . ."  (Ex. C SF-Dkt. 168 at 2; CR-Dkt. 160 at 2.)  Retailers do not

challenge the findings that Bragel will suffer irreparable harm or that the balancing

of the public interest supports imposing an injunction.  Instead, Retailers contend

that Bragel is not likely to succeed on the merits based on Retailers' affirmative

defenses (defenses they must establish by clear and convincing evidence).  *Sciele*

*Pharma v. Lupin Ltd.*, 684 F.3d 1253, 1257 (Fed. Cir. 2012).  Thus, the issue

presented for review is whether the District Court, having found infringement,

gave proper weight to Retailers' affirmative defenses in reaching its conclusion

that Bragel had established a likelihood of success on the merits.  A review of the

record confirms that the District Court's analysis and conclusions are well-founded

and comply with Fed. R. Civ. P. 52(a)(2)'s requirement that the court entering a

preliminary injunction "state the findings and conclusions that support its action."

Retailers' Motion should be denied in its entirety.

II.    Retailers' Motion improperly seeks vacatur under Rule 8.

The District Court summarily dismissed Retailers' stay application, noting

that it "contains two sentences of substantive briefing and no citation to law."  (Ex.

A SF-Dkt. 175.)  Retailers' stay application did not satisfy the stay requirements

set forth in *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492

- 4 -

(C.D. Cal. 1995). The application was simply a check-the-box filing to get to this Motion before the Federal Circuit.

The Motion, however, is procedurally defective because it seeks to vacate the preliminary injunction. Retailers seek relief "[p]ursuant to Fed. R. App. P. 8 and Fed. Cir. R. 8." (Motion at 5.) Rule 8 sets forth the procedure for seeking a stay of the District Court order pending the Court ruling upon the merits of the appeal. But the relief actually sought in the Motion is an "order vacating and remanding the preliminary injunction issued by the U.S. District Court." *Id*. Seventeen of the 18 pages of the opening brief are dedicated to inviting the Court to essentially rule on the merits and vacate the injunction. *Id*. Rule 8 should not be misused to obtain the relief that Retailers seek.

By order dated December 13, this Court set a merits-based briefing schedule. (SF-App. Dkt. 16; CR-App. Dkt. 8.) The Motion seeks to circumvent the Court's briefing schedule by arguing the merits of the preliminary injunction order now and essentially seeking merits-based relief, vacatur. Retailers establish no fundamental procedural flaw in the District Court's action that would justify such relief. Moreover, the specific manner of relief sought by Retailers is designed to disable Bragel from obtaining a preliminary injunction regardless of what facts and circumstances may develop or be established. The Motion to vacate should be

denied lest all preliminary injunction appellants be permitted to obtain merits-based relief under Rule 8.

At the end of Retailers' Motion, they request that, if the Court does not vacate the injunction, the Court should "enter an administrative stay and an expedited briefing schedule for the stay motion . . . ."  (SF-Motion at 22; CR-Motion at 23.)  Retailers also request that if the Court does not vacate the injunction, it should indefinitely delay briefing on the injunction issue until the District Court case and Defendants' Inter Partes Review ("IPR") (which review has not been instituted yet) have run their course.  (SF-Motion at 22; CR-Motion at 24.)  Such a request is another attempt to circumvent the Court's procedure in an effort to prevent Bragel from obtaining an injunction.  Rule 8(a)(1) only allows a properly filed motion to trigger a stay "pending appeal;" not an indefinite stay pending a non-instituted IPR filing.

III.    Background

A. Bragel's business and the Patent-In-Suit.

Bragel designs, manufactures, and distributes strapless bras and attachable breast forms.  (Ex. D SF-Dkt. 156-3 at ¶4; CR-Dkt. 145-5 at ¶4.)  Bragel's products are sold throughout the United States and the world.  *Id*.  In 2002, Bragel designed and developed a novel breast form system that includes a strapless, backless, self-adhesive breast form system with a connector.  *Id*. at ¶5.  This

- 6 -

invention led to the Patent-In-Suit, titled "Attachable Breast Form Enhancement System." (Ex. E SF-Dkt. 17-1; CR-Dkt. 19-1.)

The inventors of the Patent-In-Suit recognized an industry need for a backless, strapless bra that not only complemented the wearer's breasts with a natural look and/or feel, but also allowed for enhancing a wearer's breasts while wearing a full range of clothing, such as backless dresses or halter tops. *Id.* at 1:60-2:7.) By way of example, Figure 1 depicts one embodiment of the Patent-In-Suit, including two breast forms (12) adjoined by a connector (14):



Figure 1 of the Patent-in-Suit (annotated)

*Id.*

Bragel's products have enjoyed tremendous popularity due to the patented benefits of providing the wearer with volume and cleavage in a strapless and backless breast form. (Ex. D SF-Dkt. 156-3 at ¶6; CR-Dkt. 145-5 at ¶6.) From the beginning, the Nubra products have received substantial industry acclaim and experienced strong commercial success, both here and abroad. *Id.* However, also as a result of this success, these products have been the subject of numerous

- 7 -

knockoffs that have flooded into the market. *Id.* Bragel has had to continually litigate and enforce its patent rights to stem the tide of these cheap knockoffs flowing out of Asia.[1] (*See e.g.*, Ex. E CR-Dkt. 66-3 at ¶22.) The Defendants in the current case are the latest in this ongoing battle.

B. Retailers' infringement

By 2015, Bragel had learned that Retailers were selling the Oh Baby . . . Strapless, Backless Self-Adhesive Silicone Bra ("Oh Baby Silicone Bra") and the Lace Silicone Fashion Bra. (Ex. F. SF-Dkt. 124-2 at Ex. A; CR-Dkt. 116-3 at Ex. A.) Bragel promptly filed suit against Retailers in fall 2015.

C. The summary judgment ruling

Bragel moved for summary judgment on the Accused Products. On September 6, 2016, the District Court granted Bragel's motion for all the Accused Products. The District Court concluded that "[Bragel] has demonstrated how each of the Accused Products infringe . . . [and] the testimony of PPI's own CEO confirms Plaintiff's infringement analysis and demonstrates that there are no genuine issues of material fact." (Ex. B SF-Dkt. 105 at 5; CR-Dkt. 99 at 5.) Indeed, but for the possibility of a contorted claim interpretation never advanced by Bragel and not adopted by the District Court, PPI Apparel Group, Inc. ("PPI"),

---

[1] Bragel does not license the patent rights to others. (Ex. D. SF-Dkt. 156-3; CR-Dkt. 145-3.)

Retailers' distributor and indemnitor, and Retailers conceded that they were ready to stipulate to infringement.  (Ex. G SF-Dkt. 75 at 3; CR-Dkt. 75 at 3.)

The September 6 Order also denied the summary judgment motion filed by Retailers and PPI.  The District Court rejected their equitable estoppel and laches defenses.  In particular, the District Court held that the elements of equitable estoppel had not been established.  (Ex. B SF-Dkt. 105 at 6; CR-Dkt. 99 at 6.)  The District Court further concluded that the facts regarding "Defendant's own egregious conduct are highly relevant to [the] . . . equitable defenses... ", "factual evidence of PPI's misconduct precludes this Court from granting Defendants' Summary Judgment Motion..." and "even if Defendant PPI were to establish its equitable defense, [Retailers have] . . . no basis for an equitable estoppel defense."[2] *Id*.

The District Court also found that Defendants' invalidity arguments have "no merit"—the "obviousness argument is the same argument raised by the patent examiner during the prosecution of the parent application to the patent-in-suit . . . [and] [u]ltimately the patent examiner discarded such an argument and found the

---

[2]  The factual circumstances as to the equitable defenses are different for each Defendant.  The distributor Defendant (PPI) received a cease and desist letter from Bragel in 2010, and Bragel sued PPI in 2014.  (Ex. H SF-Dkt. 46 at 13-15; CR-Dkt. 50 at 13-15)  PPI bases its laches and estoppel defenses on the theory that Bragel waited too long to sue.  *Id*.  Bragel, however, sent no such letter to Retailers in 2010, nor could it have.  Charlotte Russe did not begin infringement until late 2014 and Styles For Less did not begin infringement until late 2015.  The equitable defenses by Retailers, if any, are factually distinct and personal.

patent valid." *Id.* Lastly, the inventorship argument was "based on factually and legally incorrect arguments that two of the inventors were not inventors, when both of those inventors contributed to conceiving of the complete and operative invention as it would be used in practice and to reducing the invention to practice." *Id.*

D. The need for a preliminary injunction

Trial was set for October 11, 2016, and October 18, 2016. However, the case dynamic changed on October 5, when the District Court reset the case for an April 5, 2017, bench trial on the equitable defenses (at Defendants' behest). Bragel therefore no longer had a date certain for the jury trial. There was no telling when Bragel would have its day in court and be in the position to move for permanent injunctive relief after the jury issued its verdict. Furthermore, infringement had been established, the District Court had rejected the invalidity and inventorship defenses, and the equitable defenses were tenuous. Accordingly, Bragel moved for a preliminary injunction on October 24, 2016.

In its injunction motion, Bragel set forth how Retailers' continual sales of the infringing products caused irreparable harm to Bragel's sales and market. Retailer sellers of Bragel's products had withheld payment, complaining that Retailers' sales were decreasing its sales and questioning Bragel's patent rights in view of the fact that Retailers are still selling the Infringing Products. (Ex. I SF-

- 10 -

Dkt. 153-2 at 4-7; CR-Dkt. 145-2 at 4-7.)  The cheaper, low-quality Infringing

Products sold by Retailers harmed Bragel's reputation and undercut Bragel's

prices.  *Id.*  For instance, the Accused Products have uneven seams, which can lead

to increased rates of tearing and silicone leakage, increasing the likelihood of skin

irritation:



Close-up of left breast form of one of the Infringing Products.  *Id.*  Some of the

Infringing Products included "patches" to cover up areas of poor manufacturing

where the product likely leaked:



Close-up of Microfiber Silicone Infringing Product.  *Id.*  The low-quality knockoff

products sold by Retailers were negatively attributed to Bragel.  (Ex. I SF-Dkt.

- 11 -

153-2 at 7; CR-Dkt. 145-2 at 8.)  This misassociation of the Bragel products with

the low-quality, Infringing Products sold by Defendants had damaged (and

continued to damage) Bragel's reputation and goodwill in the market.  *Id.*

In granting the injunction, the District Court incorporated by reference its

summary judgment findings when concluding that:

- "Plaintiff must first show that it is likely to succeed on the merits. Given the Court's prior finding of infringement, this requirement has been satisfied.  It has already been determined that [Retailers] . . . sold products which infringed upon the '296 Patent.  It is therefore likely that Plaintiff will succeed at trial against [Retailers] . . . ."  (Ex. C SF-Dkt. 168 at 2; CR-Dkt. 160 at 2.)

- The District Court had "reject[ed] . . . [Retailers'] invalidity arguments based on obviousness and inventorship" at the summary judgment phase. *Id*.

- Retailers' "attempts to re-litigate [equitable defenses, inventorship, and invalidity] issues previously decided in the summary judgment order are ineffective." *Id*.

The District Court also concluded that Bragel will suffer irreparable harm

without the injunction where "[Retailers are] . . . depriving Bragel and its retail

customers of sales by selling a product which infringes Plaintiff's patent." *Id.*

"Bragel has documented the lower quality and manufacturing issues with the

infringing products..." and "[b]y selling products which are difficult to distinguish

in appearance, but a lower quality than Bragel's product, [Retailers are] . . .

eroding consumer confidence in Bragel's goodwill." *Id.*

<u>Argument</u>

The Court should deny Retailers' Motion:  First, for the reasons set forth above, pp. 4-6, the Motion is procedurally defective under Rule 8 and should be denied.  Second, there is no basis upon which a stay should be granted.  Finally, were this Court to consider the request to vacate the preliminary injunction, the District Court did not abuse its discretion in issuing its well-reasoned, complete preliminary injunction order.

## IV.    There is no basis to stay the preliminary injunction.

Retailers bear the burden of showing that the circumstances justify a stay based on four factors, the first two of which are the most critical:  (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987).

The Court should not stay the injunction pending appeal.  First, Retailers are admitted patent infringers with tenuous affirmative defenses who left unchallenged significant portions of the injunction order.  Second, Retailers cannot establish irreparable harm absent a stay when the "harm" results from not selling infringing products that they had no right to sell in the first place.  Third, as the District Court

- 13 -

found, Bragel will suffer irreparable harm if Retailers remain free to: sell the

knockoff products, cause Bragel decreased market share and loss of goodwill, and

missassociate Bragel's products with the knockoffs. Lastly, as the District Court

found, the public interest lies in affording companies like Bragel protection of their

intellectual property rights. In these circumstances, there is no basis for a stay.

V.    The District Court's preliminary injunction order was properly entered in
       compliance with Fed. R. Civ. P. 52 and 65.

The decision to grant a preliminary injunction lies within the discretion of

the district court and may only be reversed for an abuse of discretion. *Sanofi-*

*Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1385 (Fed. Cir. 2006). An abuse of

discretion requires a showing that the district court made a clear error of judgment,

or based its decision on an erroneous legal conclusion or clearly erroneous factual

findings. *Canon Computer Sys. Inc. v. Nu–Kote Int'l, Inc.,* 134 F.3d 1085, 1087–

88 (Fed. Cir. 1998). None of those factors exist here.

Preliminary injunctions are warranted where the moving party establishes

that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable

harm in the absence of preliminary relief; (3) the balance of equities tip in its favor;

and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council,*

*Inc.,* 555 U.S. 7, 129 S. Ct. 365, 374 (2008). Federal Rule of Civil Procedure

52(a)(2) requires that the District Court "state the findings and conclusions that

support its action." The District Court issued a complete, well-reasoned order.

- 14 -

Retailers raise no issues with respect to Elements 2, 3 and 4 of the preliminary injunction standard. Retailers' only issues concern whether the District Court, by weighing Retailers' affirmative defenses in the context of proven infringement, abused its discretion in finding that Bragel was likely to prevail on the merits.

A. Retailers are, without dispute, infringers.

"To prove a likelihood of success on the merits, a patentee must prove that success in establishing infringement is 'more likely than not.'" *Trebro Mfg., Inc. v. Firefly Equip., LLC*, 748 F.3d 1159, 1166 (Fed. Cir. 2014). After reviewing all of the pertinent discovery submissions, relevant deposition testimony, the opinions of experts for Bragel and Retailers, the District Court concluded that "Plaintiff has demonstrated how each of the Accused Products infringe." (Ex. B SF-Dkt. 105 at 5; CR-Dkt. 99 at 5.) Neither Retailer contests this finding. Against this finding, it must be determined whether the District Court abused its discretion in weighing Retailers' affirmative defenses and concluding nevertheless that Bragel is likely to succeed on the merits.

B. None of Retailers' affirmative defenses warrant a finding that the District Court abused its discretion in determining the likelihood of success element.

1. No abuse of discretion – Inventorship defense does not undercut Bragel's likelihood of success.

- 15 -

Retailers contend that the conception was completed by inventor Alice Chang alone and therefore David Chen and Jasper Chang are not proper inventors. (Motion at 16.)  Contrary to Retailers' inventorship argument, the District Court satisfied Rule 52 and did not make erroneous legal conclusions or clearly erroneous factual findings.

"The inventors as named in an issued patent are presumed to be correct." *Nartron Corp. v. Schukra USA Inc.*, 558 F. 3d 1352, 1356 (Fed. Cir. 2009).  A party alleging incorrect inventorship "must meet the heavy burden of proving its case by clear and convincing evidence." *Id.*  "Conception is complete only when the idea is so clearly defined in the inventor's mind that only ordinary skill would be necessary to reduce the invention to practice, without extensive research or experimentation." *Burroughs Wellcome Co. v. Barr Labs., Inc.*, 40 F.3d 1223, 1228 (Fed. Cir. 1994).

Bragel presented evidence that in late 2001, all three inventors participated in a joint brainstorming session where Ms. Chang came up with the idea of using a connector.  (Ex. J SF-Dkt. 46-3 Ex. C at 13-14; CR-Dkt. 50-4 Ex. C at 37-38.)  Initially, Mr. Chen had "no idea" how to get a connector to work.  (Ex. K SF-Dkt. 62-4 Ex. A-9 at 54:6-21; CR-Dkt. 67-4 Ex. A-9 at 54:6-21.)  Eventually, through extensive experimentation, Mr. Chen provided the definite and complete idea of a connector positioned between inner sides of each of the breast forms (as in claim

- 16 -

1).  Further, through his experimentation, Mr. Chen conceived of the idea of

attaching a first portion of a connector to the inner side of one breast form,

attaching a second portion of a connector to the inner side of a second breast form

(claim 2), and permanently attaching the first and second portions of the connector

to the breast forms (claim 5).  *Id.* at 54:6-57:25.  Moreover, Mr. Chang contributed

to the development of the adhesive and the breast forms that would allow the

invention to be reduced to practice.  *Id.*   Only Mr. Chen's testimony was available

on this point.  Contrary to Retailers' assertion, he did not claim sole inventorship

but conceded the contributions of the other inventors.  *Id.* at 183:14-186:16.

The District Court found that Defendants' false inventorship argument had

"no merit."  The District Court held in the summary judgment order that "the false

inventorship argument is based on factually and legally incorrect arguments that

two of the inventors were not inventors, when both of those inventors contributed

to conceiving of the complete and operative invention as it would be used in

practice and to reducing the invention to practice."  (Ex. B SF-Dkt. 105 at 6; CR-

Dkt. 99 at 6).  When issuing the injunction, the District Court referenced its

summary judgment order.  (Ex. C SF-Dkt. 168 at 2; CR-Dkt. 160 at 2.)  There was

no abuse of discretion in holding that Bragel was likely to succeed on the merits.

100138054_1

The District Court found that "both of those inventors contributed to . . . the invention . . . ." (Ex. B SF-Dkt. 105 at 6; CR-Dkt. 99 at 6.)[3]

> ### 2. No abuse of discretion – equitable estoppel defense does not undercut Bragel's likelihood of success.

Retailers' argument regarding equitable estoppel is that: (1) PPI is entitled to an equitable estoppel defense, and (2) that defense is available to Retailers as downstream purchasers of the infringing product. (Motion at 11.) Both factors must be established to trigger an argument that equitable estoppel is an available defense to Retailers. If proof with respect to either factor fails to undercut the likelihood of success on the merits, then there has been no abuse of discretion by the District Court.

To establish equitable estoppel, the moving party must prove that: (1) the patentee, through misleading conduct, led the alleged infringer to reasonably believe that the patentee did not intend to enforce its patent against the infringer; (2) the alleged infringer relied on that conduct; and (3) due to its reliance, the alleged infringer would be materially prejudiced if the patentee were permitted to proceed with its charge of infringement. *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1310 (Fed. Cir. 2010).

---

[3] Furthermore, Bragel explained in its injunction motion briefing that inventorship can be corrected under 35 U.S.C. § 256 (the "error of omitting inventors or naming persons who are not inventors shall not invalidate the patent"). (Ex. L SF-Dkt. 165 at 3; CR-Dkt. 157 at 3.)

- 18 -

In denying Defendants' summary judgment motion, the District Court concluded, as to Element 2 (reliance), that PPI's CEO "[s]tated that he had no reason to believe Plaintiff would not enforce its patents against PPI."  (Ex. B SF-Dkt. 105 at 6; CR-Dkt. 99 at 6.)  A finding that PPI's CEO had no reason to believe that Bragel would not enforce its patent against PPI confirms that there was no reliance by PPI.  Accordingly, Retailers have failed to undercut Bragel's likelihood of success on the merits by establishing that PPI has a valid affirmative defense.[4]

Furthermore, "the trial court must, even where the three elements of equitable estoppel are established, take into consideration any other evidence and facts respecting the equities of the parties in exercising its discretion and deciding whether to allow the defense . . . ."  *A.C. Aukerman Co. v. L.R. Chaides Const. Co.*, 960 F.2d 1020, 1043 (Fed. Cir. 1992).  The District Court held that the "facts regarding Defendant's own egregious conduct are highly relevant to Defendant PPI's equitable defenses and Bragel "produced evidence of Defendant PPI's willful infringement, PPI's attempts to cover up its willful infringement, and PPI's

---

[4] As to Element 2 for Retailers, the District Court concluded that "[t]here is no evidence that [Retailers] ever relied on or acted as a direct consequence of any conduct by Plaintiff."  (Ex. B SF-Dkt. 105 at 6; CR-Dkt. 99 at 6).  Thus, proof of reliance fails for all Defendants.  Moreover, in the 2010 incident that PPI cites, it is undisputed that after PPI communicated with Bragel's attorney (the content of this communication is disputed as PPI's principal has given contradictory testimony under oath on the point), the retailer involved in that incident conceded infringement, pulled the products from the shelves, and destroyed them.

- 19 -

hiding behind customers while Plaintiff continues to enforce its patent rights against PPI's products." (Ex. B SF-Dkt. 105 at 6; CR-Dkt. 99 at 6.) The District Court concluded that "[a]ll of this factual evidence of PPI's misconduct precludes this Court from granting Defendants' Summary Judgment Motion." *Id*. Evidence of PPI's misconduct that precluded the granting of summary judgment supports entry of the preliminary injunction. (Ex. C SF-Dkt. 168 at 2; CR-Dkt. 160 at 2.) The District Court rejected Retailers' "attempts to re-litigate issues previously decided in the summary judgment order. . . ." *Id.* Bragel's likelihood of success on the merits is not undercut by PPI's alleged affirmative defense of equitable estoppel: there was no reliance and evidence of misconduct by PPI calls into question the viability of the defense.

Moreover, the equitable estoppel defense does not apply to Retailers. Equitable defenses, such as estoppel, asserted by each Defendant are "personal to that particular party." *A.C. Aukerman*, 960 F.2d at 1032. In this case, the District Court held that:

> Equitable estoppel only applies to a party who acted in direct reliance on the patentee's conduct. *Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1559 (Fed. Cir. 1983). There is no evidence that [Retailers] . . . ever relied on or acted as a direct consequence of any conduct by Plaintiff and therefore is not entitled to the benefit of equitable estoppel.

(Ex. B SF-Dkt. 105 at 6; CR-Dkt. 99 at 6.)

100138054_1

Retailers' reliance on *SCA Hygiene Products Aktiebolag v. First Quality Baby Products*, LLC, 807 F.3d 1311, 1332 (Fed. Cir. 2015), does not establish Retailers as licensees. In *SCA Hygiene*, the Federal Circuit noted that acquiescence "must be such as to create a new right in the defendant . . . ." 807 F.3d at 1332. There is no holding that license by estoppel (in the *SCA Hygiene* case laches) gives others beyond the defendant the right to violate the patent laws. As noted, equitable defenses are personal to the particular party and should not be used to expand the rights of non-parties.[5]

There was no abuse of discretion in holding that Bragel was likely to succeed on the merits when taking the equitable estoppel defense into consideration.

> 3. No abuse of discretion – invalidity defense does not undercut Bragel's likelihood of success.

By statute, the Patent-In-Suit is presumed valid. 35 U.S.C. § 282. In addition, the presumption applies to each claim independently of the other claims in the patent. *Carroll Touch, Inc. v. Electro Mechanical Sys., Inc.*, 15 F.3d 1573, 1581 n.8 (Fed. Cir. 1993). Furthermore, Bragel did not have to establish the validity of the Patent-In-Suit beyond question to show a likelihood of success of

---

[5] Issues regarding the extent to which the doctrine of equitable estoppel may be used to effectively "license" third parties, need not be reached in connection with this motion for preliminary injunction because, as set forth *supra* pp.18-21, Retailers have failed to establish that PPI relied on any actions of Bragel that would trigger the defense of equitable estoppel for PPI.

the merits in support of a preliminary injunction. *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1377 (Fed. Cir. 2009) (holding that the district court need "not resolve the validity question, but rather must . . . make an assessment of the persuasiveness" of the evidence presented).

The Court did not find Retailers' evidence persuasive in connection with the affirmative defense of obviousness:

> Defendants' invalidity arguments have no merit. The obviousness argument is the same argument raised by the patent examiner during the prosecution of the parent application to the patent-in-suit. Ultimately the patent examiner discarded such an argument and found the patent valid.

(Ex. B SF-Dkt. 105 at 6; CR-Dkt. 99 at 6.)  Accordingly, Retailers' invalidity arguments did not establish a substantial question of validity. *Trebro Mfg.*, 748 F.3d 1159, 1165 (Fed. Cir. 2014) ("An accused infringer can defeat a showing of likelihood of success on the merits by demonstrating a substantial question of validity or infringement.").

Retailers argue that the District Court's reasoning is insufficient because "the fact that prior art was before the PTO cannot be the only reason to reject an obviousness defense." *Sciele Pharma v. Lupin Ltd*., No. 2012-1118, 2012 U.S. App. LEXIS 2442, at *2-3 (Fed. Cir. 6, 2012) (non-precedential).  However, the conclusion reached by the *Sciele* Court regarding the mix of information used to analyze a likelihood of success is much less compelling than presented here.

- 22 -

First, the District Court here made an express finding of infringement, thus heightening the likelihood of overall success on the merits. *Compare Sciele,* 684 F.3d at 1257  (referencing the February 6, 2012, *Sciele* opinion and noting that the district court had only determined that the patentee was "likely to prevail on its infringement claim . . .").

Second, the district court in *Sciele* "failed to even address [defendant's] . . . obviousness arguments" in the injunction order.  2012 U.S. App. LEXIS 2442, at *2-3.  The District Court here analyzed the invalidity defense in its injunction order.  (Ex. B SF-Dkt. 105 at 6; CR-Dkt. 99 at 6.)  The District Court here did not rest its obviousness analysis solely on the fact that the prior art was before the PTO.  *Id.*  The District Court's analysis extended to the fact that the same obviousness arguments raised by Retailers were raised before the PTO on the same prior art and was rejected.  *Id.*

Finally, and perhaps most importantly, the Declaration of Frances Harder, Bragel's technical expert, addresses the IPR filed by PPI, and concludes that the "proposed combinations are based on arguments already considered and ultimately rejected by the Patent Office in granting the '296 Patent."  (Ex. M SF-Dkt. 165-1 at ¶14; CR-Dkt. 157-1 at ¶14.)  The District Court found that Defendants' attempts to re-litigate issues previously decided in the summary judgment order were ineffective.  (Ex. C SF-Dkt. 168 at 2; CR-Dkt. 160 at 2.)  Thus, Retailers' new

evidence did not change the District Court's conclusion that the invalidity defense had "no merit." (Ex. B SF-Dkt. 105 at 6; CR-Dkt. 99 at 6.) Accordingly, there was no abuse of discretion in entering the preliminary injunction.

VI.    Conclusion

The summary judgment order, as incorporated in the preliminary injunction, provides the necessary "findings and conclusions" to support the entry of the preliminary injunction under Rules 52 and 65. Accordingly, the Court should deny Retailers' Motion in its entirety.

Respectfully submitted December 15, 2016

Lewis Roca Rothgerber Christie LLP

*/s/ Thomas J. Daly*
Thomas J. Daly, Esq.
655 North Central Avenue, Suite 2300
Glendale, California 91203
Telephone: (626) 795-9000
Facsimile: (626) 577-8800
Email: tdaly@lrrc.com

Kris J. Kostolansky, Esq.
Adam L. Massaro, Esq.
1200 17th Street, Suite 3000
Denver, Colorado  80202
Telephone: (303) 623-9000
Facsimile: (303) 623-9222
Email: kkosto@lrrc.com
           amassaro@lrrc.com

*Attorneys for Plaintiff-Appellant Bragel International, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 15, 2016, copies of the Bragel International, Inc.'s Combined Opposition to Styles for Less, Inc.'s and Charlotte Russe, Inc.'s "Emergency Motion to Vacate and Remand Preliminary Injunction" were served electronically via ECF as follows:

Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Room 401
Washington, DC 20439

Gaston Kroub
Zachary D. Silbersher
Sergey Kolmykov
Kroub Silbersher & Kolmykov PLLC
305 Broadway, 7th Floor
New York, New York 10007
E-mail:  gkroub@kskiplaw.com
         zsilbersher@kskiplaw.com
         skolmykov@kskiplaw.com

/s/ *Thomas J. Daly*
Thomas J. Daly

- 25 -